08-4445-cv
Charles v. A Choice Nanny

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand and nine.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges*,
> CAROL BAGLEY AMON,
> *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INGRID JNO CHARLES,

      *Plaintiff-Appellant*,

  v.                                     No. 08-4445-cv

DAISY CHAPLIN,

---

[*] The Honorable Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendant-Appellee,*

A CHOICE NANNY,

*Defendant.*\*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**      INGRID JNO CHARLES, *pro se*, New York, NY.

**FOR DEFENDANT-APPELLEE:**      STEVEN A. ROSEN, New York, NY.

Appeal from an August 22, 2008 judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Ingrid Jno Charles, *pro se*, appeals from a judgment of the District Court entered after the District Court granted summary judgment to defendant-appellee Daisy Chaplin[1] on Charles's Title VII claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We resolve all ambiguities and draw all inferences in favor of the nonmovant. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999).

Chaplin claims that she employs fewer than fifteen employees and, as a result, is not an "employer" covered by Title VII. *See* 42 U.S.C. § 2000e(b) (defining "employer" as any person "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year"). Charles has been unable to submit evidence in opposition to that claim. Accordingly, the District Court correctly found that no genuine issue of fact existed as to whether Chaplin was an "employer" for purposes of Title VII, and the District Court properly granted summary judgment in Chaplin's favor.

---

\*\* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

[1] Defendant-appellant Daisy Chaplin was originally identified by Charles as "Daisy Prince."

We have considered Charles's remaining arguments on appeal and find them to be without merit.

## CONCLUSION

For the foregoing reasons, the August 22, 2008 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _____